FILED
1/2/24 1:33 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 23-22788-JAD |
| | ) | |
| PAUL NOVAK, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Related to ECF No. 1 |
| | ) | |

## ORDER ISSUING RULE TO SHOW CAUSE AND SETTING EVIDENTIARY HEARING ON ISSUE OF GOOD FAITH

The Bankruptcy Code provides a debtor with important protections while the debtor pursues a financial "fresh start" under the watchful eye of bankruptcy court jurisdiction. For example, section 362 of the Bankruptcy Code imposes an automatic stay providing a debtor with a "breathing spell" from creditor collection activity. But, such respite is not absolute. See County of Allegheny v. Cracked Egg, LLC (In re Cracked Egg, LLC), 624 B.R. 84, 89 (Bankr. W.D. Pa. 2021). Nor is a debtor guaranteed bankruptcy relief. See LaSalle Bus. Credit, Inc. v. Toth (In re Toth), 269 B.R. 587, 590-91 (Bankr. W.D. Pa. 2001)(individual chapter 11 case dismissed when filed by the debtor without a feasible plan and not in good faith).

One of the central premises of bankruptcy relief is that the awesome protections of the Bankruptcy Code are reserved for the "honest but unfortunate" debtor. Thus, the counterbalance to the Bankruptcy Code's debtor protections are provisions which ensure that debtors are indeed, "honest but unfortunate."

For instance, the Bankruptcy Code permits the conversion or dismissal of a case "for cause." See 11 U.S.C. §§ 707(a), 1307(c), 1112(b)(1), and 1208(c)(permitting dismissal only).

Such "cause" includes a lack of good faith. See Tamecki v. Frank (In re Tamecki), 229 F.3d 205, 207 (3d Cir. 2000)(section 707(a) permits dismissal for cause if petitioner fails to show good faith in filing); In re Lilley, 91 F.3d 491 (3d Cir. 1996)(finding lack of good faith as cause for dismissal under section 1307(c)); and In re SGL Carbon Corp., 200 F.3d 154, 162 (3d Cir. 1999)(". . . a Chapter 11 petition is subject to dismissal for "cause" under 11 U.S.C. § 1112(b) unless it is filed in good faith").

"Good faith" is not expressly defined by the Bankruptcy Code. However, courts within the Third Circuit have held that "[a]t the very least, good faith requires a showing of honest intention." In re Tamecki, 229 F.3d at 207 (quoting In re Marks, 174 B.R. 37, 40 (E.D. Pa. 1994)).

A determination of whether good faith exists is made on an "ad hoc basis" by which a court must decide whether a petitioner "has abused the provisions, purpose, or spirit of bankruptcy law." In re Tamecki, at 207 (citing In re Marks at 40); see also In re Lilley, 91 F.3d at 496 (". . .the good faith of Chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances").

The decision to dismiss a petition on grounds of lack of good faith falls within the sound discretion of the bankruptcy court. In re Tamecki, at 40; In re Lilley, at 496; and In re SGL Carbon Corp., at 159. However, it has been suggested that:

2

> Dismissal based on lack of good faith ... should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence.

In re Tamecki, 229 F.3d at 207 (quoting Indus. Ins. Servs., Inc. v. Zick (In re Zick), 931 F.2d 1124, 1129 (6th Cir. 1991)).

In In re Lilley, the United States Court of Appeals for the Third Circuit held:

> Section 1307(c) [of the Bankruptcy Code] provides . . . that Chapter 13 petitions may be dismissed "for cause." . . . The Seventh, Ninth and Tenth Circuits have held that lack of good faith in filing is sufficient cause for dismissal under section 1307(c). See In re Love, 957 F.2d 1350, 1354 (7th Cir.1992); In re Eisen, 14 F.3d 469, 470 (9th Cir.1994); In re Gier, 986 F.2d 1326, 1329–30 (10th Cir.1993). We agree.
>
> As the Seventh Circuit has noted, however, "good faith is a term incapable of precise definition." In re Love, 957 F.2d at 1355. As a result, we believe that "the good faith inquiry is a fact intensive determination better left to the discretion of the bankruptcy court." Id. We therefore join the Seventh, Ninth and Tenth Circuits in holding that the good faith of Chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances. In re Love, 957 F.2d at 1355; In re Gier, 986 F.2d at 1329; In re Eisen, 14 F.3d at 470. Factors relevant to the totality of the circumstances inquiry may include, among others, the following:
>
>> the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

In re Love, 957 F.2d at 1357.

3

In re Lilley, 91 F.3d at 496.

"Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith." Tamecki, at 207. Specifically, it has been held that the initial burden of placing a debtor's good faith into dispute is satisfied by demonstrating the debtor's history of serial filings. In re LeGree, 285 B.R. 615, 618 (Bankr. E.D. Pa. 2002). Thereafter, the burden of persuasion shifts to the debtor, who must offer evidence to show that the bankruptcy process is not being misused. Id.

In the matter *sub judice*, the good faith of the Debtor(s) has been placed at issue. That is, the state of the record suggests a lack of good faith because:

A. The above-captioned case is the Debtor's eighth bankruptcy filing since 2015. The prior filings are summarized as follows:

   (1.) 15-21331-TPA. The Debtor commenced case no. 15-21331-TPA on April 16, 2015, by filing a chapter 13 voluntary petition. No chapter 13 plan was confirmed on a final basis and an order dismissing the case was entered on November 3, 2015. Order, 15-21331-TPA, ECF No. 44. In the *Conciliation Conference Minutes* for October 29, 2015, it was noted that **there had been no payments since July** and that the Debtor had no defense to dismissal without prejudice. 15-21331-TPA, ECF No. 45.

   (2.) 16-22651-TPA. The Debtor's next case was commenced by filing a chapter 13 voluntary petition on July 19, 2016. After obtaining an extension of time to complete his petition and file his chapter 13 plan to August 16, 2016 (from August 2, 2016), the Debtor still failed to complete said filings and the case was dismissed without prejudice on August 17, 2016. See Order, 16-22651-TPA, ECF No. 19; Order of Court, 16-22651-TPA, ECF No. 14. Obviously, no plan payments were made in this case as there was no plan.

   (3.) 16-24835-TPA. The Debtor's third chapter 13 case was filed on December 31, 2016. At the contested hearing on the Debtor's chapter 13 plan held August 16, 2017, the trustee made an oral motion to dismiss based on the Debtor's **lack of payments since April 2017** and failure to state a viable defense for the missed payments. Order, 16-24835-TPA, ECF No. 52. Accordingly, the case was dismissed without prejudice on August 18, 2017.

4

(4.) <u>17-23762-TPA</u>. The Debtor filed his fourth chapter 13 case on September 20, 2017. The very next day, Judge Agresti issued an *Order to Show Cause* regarding the Debtor's multiple case filings. 17-23762-TPA, ECF No. 8. After a hearing in which the Debtor averred a change in circumstances regarding his "home life and employment[,]" the *Order to Show Cause* was vacated. Proc. Memo., 17-23762-TPA, ECF No. 18. As of the conciliation conference held March 29, 2018, **no plan payments had been made by the Debtor** (17-23762-TPA, ECF No. 46) and the case was dismissed without prejudice[1] on April 5, 2018.

(5.) <u>19-20422-TPA</u>. The Debtor's fifth chapter 13 case was voluntarily commenced on February 1, 2019. Again, Judge Agresti issued an *Order to Show Cause* regarding the Debtor's multiple case filings. 19-20422-TPA, ECF No. 9. At the hearing on the *Order to Show Cause*, the Debtor again averred a change in his home life and employment. Proc. Memo, 19-20422-TPA, ECF No. 27. Thereafter, Judge Agresti issued an *Order* vacating the *Order to Show Cause* but indicated that failure of the Debtor to comply with bankruptcy obligations would result in dismissal with a two-year bar to refiling. 19-20422-TPA, ECF No. 28. On September 25, 2019, a contested hearing was held on the Debtor's chapter 13 plan, at which the Chapter 13 Trustee stated that **only one payment had been received**. Proc. Memo, 19-20422-TPA, ECF No. 42. As a result, the Chapter 13 Trustee made an oral motion for dismissal without prejudice, which the Court granted. <u>Id</u>. The case was formally dismissed without prejudice on March 12, 2020.

(6.) <u>22-20297-JAD</u>. The Debtor's sixth chapter 13 case was filed on February 18, 2022 and initially assigned to Judge Agresti. Again, Judge Agresti issued an *Order to Show Cause* regarding the Debtor's multiple case filings. 22-20297-JAD, ECF No. 8. In this case, the Debtor was able to confirm his chapter 13 plan on April 12, 2022 (22-20297-JAD, ECF No. 25). Judge Agresti entered an *Order* vacating the *Order to Show Cause* based on the Debtor's averments regarding having made a plan payment, the Debtor's alleged employment, family assistance with plan payments, and equity in the Debtor's real property. Order, 22-20297-JAD, ECF No. 26, 1. On August 8, 2022, Deutsche Bank[2] filed a motion for relief from stay as to real property located as 5148 Baptist Road, Whitehall, Pennsylvania 15236. 22-20297-JAD, ECF No. 32. That motion was based, in-part, on the Debtor's delinquency on chapter 13 plan payments. <u>Id</u>. at ¶ 8. The Debtor conceded the

---

[1] In the *Proceeding Memo* from the hearing on the *Rule to Show Cause*, Judge Agresti indicated that if that bankruptcy case was eventually dismissed, it would be with a two-year bar to refiling. ECF No. 18. However, at the March 29, 2018, the trustee requested dismissal without prejudice, to-which the Debtor did not object. ECF No. 46.

[2] Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2004-1, Asset-Backed Certificates, Series 2004-1 ("<u>Deutsche Bank</u>").

5

        delinquency. Response, 22-20297-JAD, ECF No. 38, ¶ 8. At the hearing on Deutsche Bank's motion (held September 14, 2022), the Chapter 13 Trustee indicated that the **Debtor had not made a payment since May** and recommended dismissal without prejudice. Proc. Memo, 22-20297-JAD, ECF No. 40. Judge Agresti granted dismissal without prejudice on September 14, 2022. Prior to closing, the case was transferred to the undersigned judge.

    (7.)  Based on this review of prior cases, it appears that one of the primary reasons for their dismissal was the Debtor's inability to make chapter 13 plan payments.

B.  The Debtor commenced his sixth case (23-21665-JAD) by a pro se filing of his chapter 13 voluntary petition on August 7, 2023.

    (1.)  In his *Voluntary Petition for Individuals Filing for Bankruptcy* (ECF No. 1), the Debtor indicated that he "need[s] to pay the [filing] fee in installments." Id. at ¶ 8.

    (2.)  In the Debtor's *Application for Individuals to Pay the Filing Fee in Installments*, the Debtor proposed to pay the filing fee of $313 in three installments with the first $100 payable at time of filing, the second $100 payable on September 1, 2023, and the final $113 due October 2, 2023. ECF No. 8.

    (3.)  Given the history of the Debtor's bankruptcy filings and lack of payment, this Court had serious concerns regarding the Debtor's ability to satisfy his Chapter 13 obligations—specifically, his ability to fund a chapter 13 plan—and these concerns are only amplified by the fact that the Debtor required an extended period of time to satisfy the $313 filing fee in this case. If the Debtor cannot pay a filing fee, questions exist as to whether the Debtor can propose a feasible repayment plan to creditors.

    (4.)  Courts have held that it is an abuse of the chapter 13 process for debtors to file a chapter 13 when the debtor has no intent or possibility of effectuating a chapter 13 repayment plan. See In re Whitten, 11 B.R. 333, 338 (Bankr. D.D.C. 1981).

    (5.)  The Court therefore issued a rule to show cause as to why this sixth case should not be dismissed for being filed without good faith, and a hearing was duly scheduled for the same on October 5, 2023. The Debtor filed a letter in response to the rule (which is hearsey as it was not under oath). The Debtor neither showed up for the hearing on good faith, and did not timely remit the filing fees. As a result, the sixth case was dismissed without prejudice by way of order dated October 11, 2023.

C.  The Debtor commenced the instant seventh case [23-22788-JAD] under chapter 13, and again could not tender the full filing fee—which suggests that the Debtor is unable to fund a chapter 13 repayment plan.

6

The Court therefore finds it appropriate to issue this Rule and schedule an evidentiary hearing to provide the Debtor(s) with an opportunity to demonstrate good faith.

WHEREFORE, this 2nd day of January, 2024, it is **HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. A **Rule to Show Cause** is hereby issued on the Debtor(s) to show cause why the above-captioned bankruptcy case should not be **dismissed with prejudice** for lack of good faith.

2. An **evidentiary hearing** on the Rule is scheduled for Friday, February 9, 2024, at 11 a.m. in Courtroom B, First Floor Penn Traffic Building, 319 Washington Street, Johnstown, PA 15901.

3. Responses to this Rule to Show Cause shall be filed with the Court no later than Friday, January 19, 2024. Any party wishing to appear and be heard at the evidentiary hearing must file a Response by the deadline. Failure of the Debtor(s) to timely file a written response may result in the dismissal of this case without further hearing.

4. By no later than Friday, January 26, 2024, the Debtor(s) and all other parties having filed a Response pursuant to paragraph 3 (the "Other Responding Parties") shall file proposed exhibits and hand deliver a courtesy copy of the same to the Court for use by the Court at the hearing. Such exhibits shall be pre-marked and shall be placed in a binder for ease of use at trial.

5. The Debtor(s) and the Other Responding Parties are encouraged to present direct testimony by way of affidavit if possible. To the extent a party elects to introduce direct testimony by way of affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746, the parties are to confer prior to the scheduled hearing date and resolve any and all evidentiary objections with respect to any affidavit or declaration to be submitted to the Court at trial. To the extent a party desires to cross-examine any witness testifying by way of affidavit or declaration, such witness providing an affidavit or declaration must be present at trial so that the opposing party may cross-examine the witness.

*[Remainder of Order Continues on Subsequent Page]*

6. The failure of any party to comply with the terms of this Order may result in the imposition of sanctions on said party, including without limitation, prohibition against such party from offering evidence/testimony at the evidentiary hearing.

DATE: January 2, 2024

**JEFFERY A. DELLER**
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**

All parties of record
Debtor
Ronda J. Winnecour, Chapter 13 Trustee
Office of the United States Trustee

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-22788-JAD |
| Paul Novak | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Jan 02, 2024 | Form ID: pdf900 | Total Noticed: 6 |

The following symbols are used throughout this certificate:

**Symbol**  **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 04, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Paul Novak, 4607 Library Rd, 220-66, Bethel Park, PA 15102-6902 |
| 15670945 | + | Allegheny Health Network, 12311 Perry Highway, Wexford, PA 15090-8344 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 15670942 | + | Email/Text: ebnjts@grblaw.com | Jan 03 2024 03:32:00 | Borough of Whitehall, c/o Goehring, Rutter & Boehm, 437 Grant St 14th floor, Pittsburgh, PA 15219-6101 |
| 15670944 | + | Email/Text: kburkley@bernsteinlaw.com | Jan 03 2024 03:33:00 | Duquesne Light Company, 707 Grant St Suite 2200, Pittsburgh, PA 15219-1945 |
| 15670946 | + | Email/Text: enotifications@santanderconsumerusa.com | Jan 03 2024 03:33:00 | Santander Consumer USA, PO Box 961245, Ft Worth, Texas 76161-0244 |
| 15670943 | + | Email/Text: BKSPSElectronicCourtNotifications@spservicing.com | Jan 03 2024 03:33:00 | Select Portfolio Servicing, PO Box 65250, South Salt Lake, UT 84165-0250 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 04, 2024          Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 2, 2024 at the address(es) listed below:

District/off: 0315-2 | User: auto | Page 2 of 2
Date Rcvd: Jan 02, 2024 | Form ID: pdf900 | Total Noticed: 6

| Name | Email Address |
| --- | --- |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 2